850 F.2d 126
 22 Soc.Sec.Rep.Ser. 269, Medicare&Medicaid Gu 37,182
Dr. Alan S. KURITZKY, Dr. Robert Schultz and Dr. Theodore
Herman, Nephrology Associates of Western New York; Dr.
Sidney Anthone and Dr. Roland Anthone, Anthone & Anthone,
M.D., P.C.; Dr. Rocco Venuto, Dr. Albert D. Menno, Dr.
Romesh K. Kohli, and Dr. Inkee Min, Buffalo Medical Group,
P.C., Plaintiffs- Appellants,
v.
BLUE SHIELD OF WESTERN NEW YORK, INC., Otis Bowen, Secretary
of Department of Health and Human Services, and
William Roper, Administrator of Health
Care Financing Administration,
Defendants-Appellees.
 No. 1282, Docket 88-6068.
 United States Court of Appeals,
Second Circuit.
 Argued June 22, 1988.
Decided June 27, 1988.
 
 Frederick B. Cohen, Buffalo, N.Y., for plaintiffs-appellants.
 Lorraine Novinski, New York City (Ronald E. Robertson, Gen. Counsel, Susan V. Kayser, Asst. Regional Counsel, U.S. Dept. of Health & Human Services, New York City; Roger P. Williams, U.S. Atty., Daniel C. Olivero, Asst. U.S. Atty., Buffalo, N.Y., on the brief), for defendants-appellees.
 Before NEWMAN, KEARSE, and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, physicians practicing in Western New York, appeal from a judgment of the District Court for the Western District of New York (John T. Elfvin, Judge) dismissing for lack of subject matter jurisdiction their complaint seeking Medicare payments under Part B of the Medicare Act, 42 U.S.C. Secs. 1395j-1395w (1982 & West Supp. 1988). We agree with the District Court that this case is controlled by United States v. Erika, Inc., 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), and we affirm.
 
 
 2
 Part B of the Medicare program is administered through private insurance carriers who contract with the Secretary of Health and Human Services (the "Secretary"). 42 U.S.C. Sec. 1395u. The carriers reimburse physicians and other health care providers based on their "reasonable charges," as determined in accordance with the Medicare Act and the Secretary's implementing regulations. Id. Secs. 1395l, 1395u. A claimant who is unsatisfied with the amount he is reimbursed may petition for a "fair hearing" before a hearing officer designated by the carrier. See 42 U.S.C. Sec. 1395u(b)(3)(C); 42 C.F.R. Sec. 405.820 (1987).
 
 
 3
 Plaintiffs receive their Medicare reimbursements from Blue Shield of Western New York, Inc. ("Blue Shield"). Beginning in 1984, plaintiffs complained to the carrier about the way in which their benefits were computed. After a "fair hearing," the hearing officer determined that Blue Shield had complied with the applicable rules and regulations. This lawsuit followed.
 
 
 4
 In United States v. Erika, Inc., supra, the Supreme Court held that a hearing officer's decision regarding a carrier's interpretation of "reasonable charges" was unreviewable in federal court. The Court reasoned that the Medicare Act, 42 U.S.C. Sec. 1395ff, as it then existed, provided for judicial review of agency determinations regarding eligibility and the amount of benefits awarded under Part A but "conspicuously" did not authorize review of amount determinations under Part B. Unites States v. Erika, Inc., supra, 456 U.S. at 208, 102 S.Ct. at 1654. The Court concluded that "[i]n the context of the statute's precisely drawn provisions, this omission provides persuasive evidence that Congress deliberately intended to foreclose further review of such claims." Id.[1] Under the Act as applicable to this case, the hearing officer is therefore the final arbiter of Part B benefit amount disputes based on the carrier's application or interpretation of agency rules and regulations.
 
 
 5
 The Supreme Court delineated the limits of Erika in Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). The Court ruled that 42 U.S.C. Sec. 1395ff, as construed in Erika, did not bar a federal court challenge to "the validity of the Secretary's regulation[s]." 476 U.S. at 675, 106 S.Ct. at 2138. The Court explained that review is foreclosed with respect to "amount determinations," over which the hearing officer has final authority, but that "those matters which Congress did not leave to be determined in a 'fair hearing' conducted by the carrier--including challenges to the validity of the Secretary's instructions and regulations--are not impliedly insulated from judicial review by 42 U.S.C. Sec. 1395ff." Id. at 678, 106 S.Ct. at 2140 (emphasis original). The distinction that emerges from Erika and Michigan Academy is that federal jurisdiction exists where there is a challenge to the validity of an agency rule or regulation, e.g., Linoz v. Heckler, 800 F.2d 871 (9th Cir.1986); Integrated Generics, Inc. v. Bowen, 678 F.Supp. 1004 (E.D.N.Y.1988), but jurisdiction is lacking where the claim is merely that the insurance carrier misapplied or misinterpreted valid rules and regulations, e.g., Ass'n of Seat Lift Manufacturers v. Bowen, Medicare and Medicaid Guide (CCH) p 36,110, at 13,468 (N.D.Ohio Jan. 30, 1987); Mobile Medical Services, Inc. v. Arkansas Blue Cross and Blue Shield, 676 F.Supp. 194 (W.D.Ark.1987). See generally Medical Fund-Philadelphia Geriatric Center v. Heckler, 804 F.2d 33, 36-39 (3d Cir.1986).
 
 
 6
 Plaintiffs' claim in this case is that "Blue Shield has failed to follow the provisions of both the regulations and the [Medicare Carriers] Manual in determining" the reasonable charges to which plaintiffs are entitled. Pl.Br. at 2. This claim is indistinguishable from that in Erika where the Supreme Court held judicial review was foreclosed. See United States v. Erika, Inc., supra, 456 U.S. at 205, 102 S.Ct. at 1652. The claim does not fall within the scope of Michigan Academy because plaintiffs do not attack the validity of any regulation or rule promulgated by the Secretary. Moreover, plaintiffs do not dispute that the hearing officer had authority to decide their claim in the first instance; the claim cannot therefore come within the group "which Congress did not leave to be determined in a 'fair hearing' conducted by the carrier," and which is reviewable in federal court. Bowen v. Michigan Academy of Family Physicians, supra, 476 U.S. at 678, 106 S.Ct. at 2140.
 
 
 7
 Plaintiffs contend that jurisdiction exists because they challenge the carrier's "methods" in calculating benefits. See Bowen v. Michigan Academy of Family Physicians, supra, 476 U.S. at 675, 106 S.Ct. at 2138. However, the statement in Michigan Academy that challenges to the "method" of calculating benefits are reviewable as opposed to challenges to the "determinations themselves," which are not, id., clearly refers to the distinction between the rules, regulations, and statutes setting forth the proper computation method and the carrier's application of those provisions in determining the benefits owed. Id. at 675-76, 106 S.Ct. at 2138-39. "Method" does not mean the carrier's method of applying the regulations, which Erika held was unreviewable; rather, it means the method set forth in the Secretary's regulatory scheme that prescribes how the carriers are to calculate benefits. Michigan Academy held that a challenge to this prescribed method was reviewable. Plaintiffs' claims allege only misapplication of valid regulations and are therefore unreviewable under Erika.
 
 
 8
 We have carefully considered plaintiffs' remaining arguments, and we determine that they are without merit.
 
 
 9
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 In 1986, Congress amended section 1395ff to permit judicial review of certain Part B amount determinations. Those amendments apply only to Medicare services furnished after January 1, 1987, and are therefore not relevant to the claims in this case, which are based on services provided prior to that date