**Ben GOODMAN, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 88 Civ. 4163 (JMW).**

United States District Court, S.D. New York.

April 17, 1989.

John F. McHugh, New York City, for plaintiff.

Linda A. Rifkin, Sp. U.S. Atty., New York City (Annette H. Blum and Robert Wanerman, Office of the Gen. Counsel, Dept. of Health and Human Services, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff brings this action against Louis Sullivan, the Secretary of Health and Human Services ("the Secretary"),[1] under 42 U.S.C. § 405(g) of the Social Security Act ("the Act") to review a final decision denying payment for a medical procedure under the Supplementary Medical Insurance Benefits for the Aged and Disabled Program ("Medicare Part B"). The Secretary has moved to dismiss this complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and, alternatively, has requested a judgment on the pleadings. The plaintiff has cross-moved for summary judgment, pursuant to Fed.R.Civ.P. 56. For the reasons stated below, the Court grants the Secretary judgment on the pleadings.

### I. Background

The relevant facts in this case are undisputed. Plaintiff was suffering from a progressive speech impediment. In February 1985, plaintiff's physician suggested that plaintiff undergo a diagnostic test known as a magnetic resonance imaging procedure ("MRI") to determine the underlying cause of his condition. Plaintiff underwent a MRI and subsequently presented a claim for $675.00 for the cost of the test to the Medicare Part B[2] carrier in his area. The carrier denied plaintiff reimbursement for the MRI on the ground that MRIs were not covered under Medicare Part B as of February 1985.

Plaintiff then requested a fair hearing before his Medicare Part B carrier. On May 3, 1988, a carrier hearing officer conducted a fair hearing, and on May 11, 1988, he upheld the denial of the benefits. The hearing officer reasoned that the Secretary's regulations did not provide for coverage of MRIs in February 1985, and hearing officers do not have the authority to approve benefits on a retroactive basis.

It is undisputed that the hearing officer correctly interpreted and applied the appli-

---

1. This action was originally brought against former Secretary Otis R. Bowen, in his official capacity. While motions were *sub judice*, Louis Sullivan replaced Bowen as Secretary.

2. There are two types of medical insurance available to Medicare beneficiaries. Medicare Part A provides basic protection against the cost of hospital services, and hospice care, and is available to covered individuals without further cost. 42 U.S.C. §§ 1395c–1395i. Medicare Part B provides medical insurance benefits for physicians' services, outpatient hospital care and therapy, and diagnostic tests. 42 U.S.C. §§ 1395j–1395w. Part B benefits are available on an enrollment basis, and are jointly financed by federal funds and by premiums paid by enrollees. 42 U.S.C. § 1395j. This case only involves a claim for Medicare Part B benefits.

cable regulation. Plaintiff claims, however, that the regulation denying coverage for any medical procedures unapproved by the Secretary[3] violates 42 U.S.C. § 1395 in that it is contrary to the Act's mandate that the Secretary: (a) pay for all medically necessary treatment and, (b) not interfere with the practice of medicine. Plaintiff maintains that no regulation can establish an irrebuttable presumption of the lack of medical necessity without countermanding the Act. Plaintiff contends that the Court has jurisdiction because he is not challenging the amount of benefits paid under Medicare Part B, but rather is challenging the validity of the regulation itself.

The Secretary asserts that "while plaintiff attempts to couch his claim in terms of a challenge to the Secretary's regulations so that judicial review will be available to him, in reality he quarrels with the amount of Medicare Part B benefits the carrier found he was entitled to receive. That type of claim is not reviewable by the Court." D. Reply Mem. at 3.[4] Should the Court find that it has jurisdiction, the Secretary argues that its decision denying plaintiff Medicare Part B coverage for a MRI should be affirmed. The Secretary reasons that Congress did not mandate that Medicare Part B provide for coverage of all medically necessary procedures and, furthermore, the Secretary has the statutory authority to exclude an item or service from Medicare Part B coverage. The Secretary also asserts that its decision to deny plaintiff benefits does not interference with the practice of medicine.

## II. *Discussion*

### A. Jurisdiction

The Secretary claims that this Court lacks subject matter jurisdiction over this dispute because it lacks jurisdiction over *any* Medicare Part B claims that concern items or services rendered prior to January 1, 1987. The Secretary acknowledges that disputes that concern items or services rendered *after* January 1, 1987 may be entitled to judicial review under Section 9341 of the Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–509 ("OBRA").[5] The present dispute, however, concerns a service that was performed on February 4, 1985—almost two years before the effective date of the OBRA. As a result, the Secretary urges, this Court is precluded from exercising jurisdiction over this matter.

The Secretary further argues that plaintiff is subject to the OBRA's requirement that the total amount in controversy be at least $1,000. 42 U.S.C. § 1395ff(b)(2)(B). The Secretary contends that under this rule, plaintiff's jurisdictional allegation must fail since plaintiff's claim for reimbursement totals only $675.00.

Moreover, the Secretary argues that judicial review is unavailable because under *United States v. Erika, Inc.*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), the hearing officer is the final arbiter of Medicare Part B benefit amount disputes which are based on the carrier's application or interpretation of agency rules and regulations. In *United States v. Erika*, the Supreme Court held that a hearing officer's decision regarding a carrier's interpretation of "reasonable charges" was unreviewable in federal court. The Court explained that the Medicare Act, as it then existed, provided for judicial review of agency determinations regarding eligibility and the amount of benefits under Part A, but did not authorize review of amount determinations under Part B. The Court found that "[i]n the context of the statute's precisely drawn provisions, this omission provides persuasive evidence that Congress deliberately intended to foreclose further review of

---

**3.** The provision in dispute is a section of the Medicare Coverage Issue Manual, a set of interpretive rules promulgated by the Secretary for use by Medicare Part B carriers. 42 C.F.R. § 405.301–405.376.

**4.** References hereinafter are as follows: Defendant's Reply Memorandum ("D. Reply Mem."); Plaintiff's Memorandum ("P. Mem.").

**5.** Under the Omnibus Budget Reconciliation Act of 1986, the hearing and judicial review provisions of 42 U.S.C. § 405(g) were extended to disputed benefit determinations under Part B of the Medicare program.

such claims." 456 U.S. at 208, 102 S.Ct. at 1654.

■ All of the Secretary's jurisdictional arguments rely upon a gross mischaracterization of plaintiff's claim and are without merit. The Secretary seeks to characterize this case either as a challenge to the amount of Medicare Part B benefits that plaintiff is entitled to receive, or as a challenge to the Secretary's general rejection of MRIs. Both characterizations are incorrect. Plaintiff challenges the *validity* of the Secretary's regulation denying coverage for any techniques unapproved by the Secretary. Plaintiff maintains that "no regulation can establish an irrebuttable presumption of the lack of medical necessity without countermanding the statutory mandate [that the Secretary pay for all medically necessary treatment and not interfere with the treatment of medicine.]" P. Mem. at 2. He claims that treating physicians should be allowed to use even unapproved items upon a showing of actual medical necessity. Plaintiff does not claim that the hearing officer applied or interpreted agency rules or regulations incorrectly, and does not simply seek reimbursement for his $675.00 MRI. Rather, he challenges the validity of the regulations themselves.

■ Even before enactment of the OBRA, the Supreme Court specifically held that challenges to "the validity of the Secretary's regulation[s]" may be heard in federal court. *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 675, 106 S.Ct. 2133, 2138, 90 L.Ed.2d 623 (1986). In *Michigan Academy*, the Court explained that review is foreclosed with respect to "amount determinations" over which the hearing officer has final authority, but that "those matters which Congress did *not* leave to be determined in a 'fair hearing'

conducted by the carrier—including challenges to the validity of the Secretary's instructions and regulations—are not impliedly insulated from judicial review by 42 U.S.C. § 1395ff." *Id.* at 678, 106 S.Ct. at 2140. Thus, federal jurisdiction exists where a party challenges the validity of an agency rule or regulation, *see e.g., Integrated Generics, Inc. v. Bowen*, 678 F.Supp. 1004 (E.D.N.Y.1988), but jurisdiction is lacking where the party claims merely that the insurance carrier misapplied or misinterpreted valid rules and regulations, *see e.g. Kuritzky v. Blue Shield of Western New York, Inc.* 850 F.2d 126 (2d Cir.1988).[6] Since plaintiff's complaint challenges the validity of the Secretary's regulations, the Court finds that the complaint falls squarely within the bounds of *Michigan Academy* and accordingly holds that subject matter jurisdiction exists over this lawsuit.

■ The Secretary further argues that even if plaintiff's complaint were to be construed as a proper challenge to the Secretary's regulations, this action still must fail. The Secretary asserts that "by virtue of the Secretary's approval of reimbursement for MRIs in November, 1985, and plaintiff's knowledge of the Secretary's rulings, the substance of plaintiff's complaint amounts to no more than a claim that Medicare benefits should be paid for *his* MRI."[7] That issue, the Secretary asserts, is "not capable of repetition, yet evading review."[8] This final claim, presented as a jurisdictional argument,[9] also lacks merit. That the Secretary eventually approved MRIs for reimbursement is immaterial. As noted previously, plaintiff does not merely challenge the Secretary's policy regarding MRIs. Rather, plaintiff broadly challenges the validity of the Secretary's regulation denying coverage for any techniques unapproved by the Secretary. The Court clear-

---

**6.** The Secretary mistakenly relies upon *Kuritzky*. In that case, unlike the present, the appellants had not challenged the validity of a regulation. *See* 850 F.2d at 128.

**7.** P. Mem. at 15, n. **.

**8.** *Id., citing Sosna v. Iowa,* 419 U.S. 393, 399–400, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975).

**9.** The Secretary apparently conflates standing and jurisdictional requirements. The Court notes that the Secretary has *not* claimed that plaintiff lacks standing to bring this action, and the Court finds that the plaintiff does indeed have standing.

ly has subject matter jurisdiction over this claim and, thus, must consider the merits of this dispute.[10]

## B. The Merits

■ Plaintiff argues that the Secretary cannot categorically deny any treatments because to do so violates Congress' "clear mandate" set forth in 42 U.S.C. § 1395 *et seq.* that the Secretary pay for all necessary medical treatment and not interfere with the practice of medicine. He apparently asserts that the Secretary is obligated to approve payment of Medicare Part B benefits for any procedure that a treating physician finds to be "medically necessary." Plaintiff's arguments are unsupported by the plain language of the Medicare statute.

Contrary to plaintiff's reading of the Act, Congress did not mandate that Medicare Part B provide for "cover[age] of all medically necessary procedures." P. Mem. at 5. While Congress created specific exclusions from coverage and provided that in no case may payment be made for any expenses incurred for items and services which "are not reasonable and necessary for the diagnosis or treatment of illness or injury," 42 U.S.C. § 1395y(a)(1)(A), it never provided that payment must be made at all times when services are deemed "medically necessary." Neither plaintiff nor the Court can locate such language either in the Act or in the legislative history.[11] Rather, Congress delegated to the Secretary the authority to promulgate regulations for administering the medicare program, 42 U.S.

C. § 1395hh(a), and provided the Secretary with great discretion in determining what items or services will be covered under Medicare Part B. The Secretary is specifically provided with discretion in considering whether diagnostic tests shall be covered in 42 U.S.C. § 1395x(s).

Plaintiff mistakenly contends that once a physician has concluded that a service or item is medically necessary, the Secretary cannot deny reimbursement. Congress has not provided that all medically necessary items or services must be covered under Medicare Part B. Moreover, plaintiff's approach would effectively read out of the Act §§ 1395y and 1395hh(a)—which give the Secretary great discretion and interpretive authority—and would graft onto the statute a new standard for the determination and payment of benefits that appears nowhere in its text or legislative history.[12]

■ The construction the Secretary has given to the statutes and regulations he is charged with administering is entitled to substantial deference. *Connecticut Department of Income Maintenance v. Heckler*, 471 U.S. 524, 532, 105 S.Ct. 2210, 2214–15, 85 L.Ed.2d 577 (1985). In this case, the disputed provision is a section of the Medicare Coverage Issue Manual, a set of interpretive rules promulgated by the Secretary for use by Medicare Part B carriers. *See supra* note 3. The Second Circuit has observed that although the provisions of these manuals are interpretive and without the force of law, "they are entitled to be given weight." *St. Mary's Hospital of*

---

**10.** That plaintiff was aware that MRIs were not covered procedures at the time he underwent his test is also clearly irrelevant. Here where the plaintiff challenges the very validity of a regulation, his state of mind is immaterial.

**11.** Contrary to plaintiff's allegations, in *Rush v. Parham*, 625 F.2d 1150 (5th Cir.1980), the Fifth Circuit did not find that "Medicare like Medicaid, requires payment for all medically necessary treatment." P. Reply Mem. at 2. In that case the Fifth Circuit found it unnecessary to determine whether a state Medicaid program must provide for all medically necessary services because it found a state's refusal to pay for experimental and unnecessary surgery fully consistent with a requirement that all medically necessary services be funded, if indeed such a

requirement exists. *Id.* at 1155. In this case, the Court is squarely presented with the question and finds that such a requirement does not exist.

**12.** Plaintiff's reliance upon *Regents of the University of California v. Heckler*, 771 F.2d 1182 (9th Cir.1985) and *American Medical Association v. Mathews*, 429 F.Supp. 1179 (N.D.Ill.1977) is misplaced. In both of these cases the issue presented to the Court concerned the construction and application of 42 U.S.C. § 1395x(v)(1)(A) and its accompanying regulations, which limit the amount of Medicare reimbursement to the reasonable cost of the item or service presented. In the present case, the disputed service itself is excluded from coverage.

*Troy v. Blue Cross & Blue Shield Ass'n,* 788 F.2d 888, 890 (2d Cir.1986). After careful review of the Act, the Court finds that the rules promulgated by the Secretary do not conflict with the Act but, rather, stay well within the general intent of Congress in enacting Part B of Medicare. Moreover, the Court finds no evidence that either the Secretary's decision to deny plaintiff MRI benefits or the Secretary's regulations themselves interfere with the practice of medicine.

### III. *Conclusion*

Accordingly, the Court grants the Secretary judgment on the pleadings and, thus, affirms the Secretary's decision below.

SO ORDERED.