**Ralph D. MILLSAPS, M.D., Individually and as Designated Representative for John Beavin and Edmond Hollander, and all others similarly situated, Plaintiffs,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services and Associated Insurance Companies, Inc., Defendants.**

**No. EV 89–20–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Jan. 19, 1990.

Patrick A. Shoulders, Early Arnold & Ziemer, Evansville, Ind., for plaintiffs.

Donald R. Wright, Wright Evans & Daly, Evansville, Ind., and Ann Weinheimer, Jeffrey Hannah, Associated Ins. Companies, Indianapolis, Ind., for Associated Ins. Companies, Inc.

Sue Hendricks Bailey, Asst. U.S. Atty., Indianapolis, Ind., and Thomas M. Jackson, Asst. Regional Counsel, Chicago, Ill., for Secretary of Dept. of Health and Human Services and the U.S.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court upon defendant, Louis Sullivan, M.D., the Secretary of Health and Human Services', Motion to Dismiss.

The plaintiff, Ralph Millsaps, M.D., is a cardiologist in Evansville, Indiana, who performs precutaneous transluminal coronary angioplasties ("PTCA") on Medicare patients. Medicare Part B enrollees John Beavin and Edmond Hollander are patients of Dr. Millsaps and both received the PTCA procedure as treatment for their heart conditions. Pursuant to the procedure provided in 42 C.F.R. Section 405.801 *et seq.*, Dr. Millsaps was duly appointed as the authorized representative of the claimants, Beavin and Hollander, in connection with the appeal of the determinations of their Medicare Part B claims.

During 1988, Dr. Millsaps submitted claims for reimbursement under Medicare Part B for the PTCA procedures performed on the claimants and pre- and post-procedure medical care required by their medical conditions. In light of the size of the Part B program, Congress authorized the Secretary to contract with private insurance carriers to administer the payment of qualifying claims.

Associated Insurance Companies, Inc. is the carrier with jurisdiction over the claims of the claimants. The carrier determines whether a claims service or item is medically necessary and is otherwise covered under Part B, and establishes the "reasonable charge" that may be paid for covered services and items. 42 U.S.C. § 1395u(a); 42 C.F.R. §§ 405.803, 421.200. In performing these functions, the carrier utilizes the coverage and reimbursement criteria prescribed by the Statute and the Secretary.

Some carriers have employed the "global surgical fee" concept of reimbursement as the reasonable cost of certain physician services. Under the global surgical fee concept, physicians are reimbursed for covered procedures based upon whether the physicians services furnished are considered "major surgical" or "minor surgical or diagnostic" procedures. Where a covered procedure is considered a major surgical procedure, the physician receives a lump sum reimbursement which includes not only the procedure itself, but also the services furnished by the physician during six (6) days before the PTCA procedure and

during sixty (60) days after the procedure. Physicians are not separately reimbursed for pre- and post-procedure care, where there are complications. If the procedure is considered a minor surgical or a diagnostic procedure, physicians are separately reimbursed for the procedure itself and separately reimbursed for all pre- and post-procedure care.

In the instant case, the carrier has determined that the PTCA is surgery and will be reimbursed pursuant to the global surgical fee concept. As a result, Dr. Millsaps received a lump sum covering the procedure and all pre- and post-procedure care. Dr. Millsaps sought review by the carrier of the initial determination and separate coverage of the pre- and post-procedure medical care was denied. Dr. Millsaps sought a hearing before the Fair Hearing Officer who affirmed the initial review. Because the amount in controversy for each claimant is in excess of Five Hundred Dollars ($500.00), pursuant to 42 U.S.C. § 1395ff, Dr. Millsaps, as representative of claimants, is entitled to a *de novo* hearing before an administrative law judge of the Office of Hearings and Appeals of the Social Security Administration. This appeal by Dr. Millsaps is presently pending. Dr. Millsaps may appeal the administrative law judge's decision to the Appeals Council, which becomes the final decision by the Secretary. A Part B claimant will be entitled to judicial review of the Secretary's decision if the aggregate amount in controversy is more than One Thousand Dollars ($1,000.00). 42 U.S.C. § 1395ff(b)(2)(B).

The Secretary has filed this Motion to Dismiss on the basis that Dr. Millsaps has failed to exhaust his administrative remedies and that this Court does not have subject matter jurisdiction. The plaintiff claims that jurisdiction is proper pursuant to either 42 U.S.C. § 405(g) or 28 U.S.C. § 1331 and that this situation does not require the complete exhaustion of his administrative remedies.

The doctrine of administrative exhaustion generally prevents federal courts from entertaining actions based upon the Social Security Act when the claimant has failed to exhaust his administrative remedies. The reason is that "exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1976). Presently, Dr. Millsaps' appeal is waiting for a *de novo* hearing before an administrative law judge.

■ It is sufficiently clear that Dr. Millsaps has failed to exhaust his administrative remedies. Dr. Millsaps claims that failure to exhaust his administrative remedies does not preclude this action because he and others similarly situated have availed themselves of the administrative procedure in the past in connection with claims unrelated to the type of claims involved here and despite repeated administrative rulings, the next similar claim would be denied by the carrier upon the initial determination. Such a process is futile in Dr. Millsaps' opinion, because the remedy will not alleviate the problem of the constant cycle of denials, appeals and reversals. Perhaps the plaintiff would have an argument if that was the case but an administrative law judge has never ruled on this matter in the first place so any argument concerning constant cycles of denials, appeals and reversals is inappropriate at this time. Dr. Millsaps is basically alleging that using the entire administrative review process is futile regardless of the final decision. Dr. Millsaps has cited a line of cases including *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 345 (3rd Cir.1977) which basically stand for the proposition that exhaustion of administrative remedies would not be required when the Secretary has already had ample opportunity to take a definitive position on the question and has done so. There has been no such "final decision" in this situation. The Secretary has not even been given the opportunity to review and remedy any mistakes that may have been made. This

Court cannot find that following the administrative process is futile simply because the plaintiff has had problems with the process in other unrelated claims. There is no proof that the alleged constant cycle of denials, appeals and reversals will occur in PTCA claims.

Dr. Millsaps further claims that failure to exhaust his administrative remedies does not preclude this action because he is not challenging the amount of the benefit determination but rather is challenging the method employed in determining that pre- and post-PTCA procedures are included in the global fee. The Supreme Court in *United States v. Erika*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982) announced that the Medicare statute precluded federal court jurisdiction over determination of the "amount of benefits" that were payable under Part B of the Act. Subsequent to its decision in *Erika*, the Supreme Court in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986) defined the test for preclusion of judicial review of Medicare, Part B payment determination. The Court explained that review is foreclosed with respect to amount determination over which the hearing officer has final authority, but that "those matters which Congress did not leave to be determined in a fair hearing conducted by the carrier—including challenges to the validity of the Secretary's instructions and regulations—are not impliedly insulated from judicial review." *Id.* at 678, 106 S.Ct. at 2140. The state of the law presently is that "federal jurisdiction exists where there is a challenge to the validity of an agency rule or regulation, but jurisdiction is lacking where the claim is merely that the insurance carrier misapplied or misinterpreted valid rules and regulations." *Kuritzky v. Blue Shield of Western New York, Inc.*, 850 F.2d 126 (2nd Cir.1988).

Dr. Millsaps contends that jurisdiction exists under *Michigan Academy* because they challenge the carrier's "methods" in calculating benefits. The holding in *Michigan Academy* refers to the distinction between the rules, regulations and statutes setting forth the proper computation method and the carrier's application of those provisions in determining the benefits accrued. *Kuritzky v. Blue Shield*, 850 F.2d 126 (2nd Cir.1988); *Association of Seat Lift Manufacturers v. Bowen*, 858 F.2d 308 (6th Cir.1988). "Method does not mean the carrier's method of applying the regulations, which *Erika* held was unreviewable; rather, it means the method set forth in the Secretary's regulatory scheme that prescribes how the carriers are to calculate benefits." *Kuritzky* at 128. Because Dr. Millsaps is essentially disputing only the carrier's application of the Medicare statute and regulations in determining whether PTCA procedures can be reimbursed using the global fee concept rather than the validity of the Medicare rules and regulations, his method challenge is actually a challenge to an amount determination and therefore is not reviewable. Dr. Millsaps is not attacking the policy of the Secretary but the policy of the carrier in applying the Secretary's rules and regulations. This is more than just a semantic difference. The Secretary is in a better position to determine whether a carrier is violating the criteria set forth in determining Medicare Part B payments. These challenges are best suited to determination through the administrative appeal process already established.

For the reasons set out above, the Court hereby finds that the plaintiff has not exhausted his administrative remedies, that such exhaustion is not futile, and the challenges involve an amount determination and therefore is not reviewable. As a result of these findings, the Court hereby orders that the Secretary's Motion to Dismiss be granted without prejudice.

IT IS SO ORDERED.