UNITED STATES of America, Plaintiff,

v.

TOTAL PATIENT CARE, INC. OF JACK-SONVILLE, FLORIDA, f/k/a ABC Total Patient Care, Inc., Defendant.

No. 90–233–Civ–J–12.

United States District Court,
M.D. Florida,
Jacksonville Division.

Oct. 8, 1991.

Robert W. Genzman, U.S. Atty., Ralph J. Lee, Asst. U.S. Atty., Lana Smith Sensenig, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, for plaintiff.

J. Thomas Whelchel, Richard A. Brown and Matthew J. Story of Dickey, Whelchel, Brown & Readdick, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MELTON, Senior District Judge.

This cause is before the Court on plaintiff's Motion for Summary Judgment, filed on June 12, 1990. Defendant filed a response to the motion on July 23, 1990, to which plaintiff filed a reply on August 31, 1990. This action was brought by plaintiff pursuant to the Social Security Act, known as the "Medicare Act," 42 U.S.C. § 1395 *et seq.* Plaintiff seeks to recover sums which it has determined defendant was overpaid under the Medicare program.

Plaintiff argues that summary judgment should be granted in its favor because the following undisputed facts demonstrate that judgment should be granted as a matter of law:

 (1) the United States, through its agents, has determined that defendant Total Patient Care, Inc. of Jacksonville, Florida is indebted to the Medicare program for $16,331.92;

 (2) the defendant was notified of its right to an administrative hearing to appeal the amount due pursuant to 42 U.S.C. § 1395ff and 42 C.F.R. § 405.801 *et seq.;*

 (3) the defendant failed to request an administrative hearing and the deadline for making such a request imposed by 42 C.F.R. § 405.820 has passed; and

 (4) the plaintiff made demands upon the defendant for reimbursement of this indebtedness on May 25, 1988 and December 7, 1988, but the defendant has refused to make payment.

Plaintiff's Memorandum in Support of its Motion for Summary Judgment at 11–12. Plaintiff maintains that its determination of defendant's indebtedness for Medicare overpayments is not subject to judicial review and, in the alternative, even if judicial review were proper in the usual case, defendant forfeited any right to judicial review in this case by failing to pursue available avenues of administrative review.

Defendant does not dispute the four facts, listed above, upon which plaintiff grounds its motion. Instead, relying on *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), defendant responds that it has a valid defense to the determination of indebtedness which is cognizable by this Court and which precludes summary judgment for plaintiff. Specifically, defendant contends that a challenge to the validity of regulations promulgated under the Medicare Act is judicially reviewable and that defendant has raised such a challenge in this case. Defendant contends also that exhaustion of administrative remedies was unnecessary, relying again on *Michigan Academy.*

The Court is of the opinion that defendant has not raised a genuine triable issue which would rebut plaintiff's motion and that the undisputed material facts demonstrate that plaintiff is entitled to judgment as a matter of law. As indicated above, defendant attempts to raise an issue concerning the validity of certain Medicare regulations to bring its claims within the scope of judicial review allowed under *Michigan Academy.* However, defendant does not present grounds which would support a challenge to any relevant Medicare regulation. Instead, defendant makes general assertions that such grounds are present in this case. These assertions are insufficient to raise a genuine issue concerning the validity of the regulations and thus cannot preclude summary judgment, given the undisputed facts presented by plaintiff.

■ A review of defendant's memorandum reveals that the true basis for defendant's claim lies in its disagreement with the methodology employed by the insurance carriers who, acting as plaintiff's agents, determined that defendant had been overpaid. Under *United States v.*

*Erika, Inc.,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), such a claim is not judicially reviewable. Defendant's claim is similar to that raised by the plaintiffs in *Kuritzky v. Blue Shield of Western New York, Inc.,* 850 F.2d 126 (2d Cir.1988). The Second Circuit explained why such a claim is not judicially reviewable:

> Plaintiffs contend that jurisdiction exists because they challenge the carrier's "methodology" in calculating benefits. [*See Michigan Academy,* 476 U.S. at 675, 106 S.Ct. at 2138.] However, the statement in *Michigan Academy* that challenges to the "method" of calculating benefits are reviewable as opposed to challenges to the "determinations themselves," which are not, *id.,* clearly refers to the distinction between the rules, regulations, and statutes setting forth the proper computation method and the carrier's application of those provisions in determining the benefits owed. *Id.* at 675–76 [106 S.Ct. at 2138]. "Method" does not mean the carrier's method of applying the regulations, which *Erika* held was unreviewable; rather, it means the method set forth in the Secretary's regulatory scheme that prescribes how the carriers are to calculate benefits. *Michigan Academy* held that a challenge to this prescribed method was reviewable. Plaintiffs claims allege only misapplication of valid regulations and are therefore unreviewable under *Erika.*

*Kuritzky,* 850 F.2d at 128 (parallel citations omitted). Similarly, defendant's claim in the present case is unreviewable and thus cannot raise a triable issue which would defeat plaintiff's motion for summary judgment.

In addition, the Court finds that defendant's failure to pursue available administrative remedies precludes judicial review of defendant's claim concerning the propriety of the calculation of the overpayment. Exhaustion of administrative remedies is a prerequisite to any judicial review of defendant's claim under the Social Security Act. *See Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *United States v. Savarese,* 515 F.Supp. 533 (S.D.Fla.1981). Thus, defendant's unexhausted claim cannot raise a triable issue which would defeat summary judgment.

For the foregoing reasons, and pursuant to Fed.R.Civ.P. 56, the Court will grant plaintiff's motion for summary judgment. Plaintiff shall, within thirty (30) days from this date, file an affidavit of amount due, including accrued interest to date, and shall submit (but not file) a proposed Final Judgment.

Accordingly, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion for Summary Judgment is granted; and

2. That plaintiff shall file an affidavit of amount due and submit a proposed Final Judgment, as indicated above, within thirty (30) days from the date of this Order.

DONE AND ORDERED.