494

**CAREMARK THERAPEUTIC SERVICES, Plaintiff–Appellant,**

v.

Tommy THOMPSON, Secretary of the Department of Health and Human Services, and The Centers for Medicare & Medicaid Services, Defendants–Appellants.

No. 03–6039.

United States Court of Appeals, Second Circuit.

Nov. 6, 2003.

Abraham Wax, New York, New York, for Appellant.

Ramon E. Reyes, Jr., Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney; Meredith E. Kotler, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable JOSEPH M. MCLAUGHLIN, and Honorable REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Caremark Therapeutic Services ("Caremark"), a health care provider that receives compensation for services pursuant to Medicare Part B, *see* 42 U.S.C. §§ 1395j, 1395k, 1395x(s), sued Defendants–Appellees Tommy Thompson, the Secretary of the Department of Health and Human Services, and the Health Care Financing Administration (now called the Centers for Medicare and Medicaid Ser-

vices) pursuant to the federal mandamus statute, 28 U.S.C. § 1361; the Medicare Act, 42 U.S.C. § 1395 *et seq.;* and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, to compel reopening of its challenge to an overpayment determination by Noridian, a private insurance carrier contracted by the government to administer Part B payments, *see* 42 U.S.C. § 1395u(a); 42 C.F.R. § 421.200. Caremark now appeals from a judgment dismissing its complaint on the grounds that the court lacked subject matter jurisdiction. *See Caremark Therapeutic Servs. v. Thompson,* 244 F.Supp.2d 224, 227–29 (S.D.N.Y.2003). At oral argument, Caremark's counsel clarified that Caremark no longer claims that jurisdiction is proper under the APA or the Medicare Act; it appeals the district court's ruling only with respect to mandamus jurisdiction. We review *de novo* the district court's legal conclusion that it lacked subject matter jurisdiction. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000).

1. *Factual Background*

Between 1996 and 1999, Noridian paid Caremark $185,636.04 for certain Medicare Part B claims. A subsequent audit conducted pursuant to 42 C.F.R. § 421.200(e) indicated that the payments were unwarranted. Accordingly, on March 23, 2000, Noridian sent Caremark written notice of overpayment and requested reimbursement.

More than six months later, on October 12, 2000, Caremark orally requested from a Noridian representative a detailed explanation for its overpayment determination, which request Caremark renewed in writing on October 24, 2000. A Noridian hearing officer dismissed the request as untimely. By letter dated February 15,

2001, Caremark acknowledged that its review request was untimely; nevertheless, it sought to have Noridian reopen its overpayment determination pursuant to 42 C.F.R. § 405.841 or, in the alternative, proceed to a hearing before an administrative law judge, *see* 42 C.F.R. § 405.855. The request was denied, as was a similar one in September 2001.

### 2. *Mandamus Jurisdiction*

■ To invoke mandamus jurisdiction, a plaintiff bears the heavy burden of showing both that all other avenues of relief have been exhausted and that the defendants have a plainly defined and nondiscretionary duty to perform the act in question. *See City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir.1984), *aff'd on other grounds sub nom. Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *accord Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Caremark fails to satisfy either prong of this burden.

First, Caremark fails to demonstrate a non-discretionary duty by Noridian to reopen the overpayment decision. Under 42 C.F.R. § 405.841, "[a]n initial or review determination of a carrier or a decision of a hearing officer *may be reopened* by such carrier or hearing officer," in certain circumstances, such as upon a finding of good cause. (emphasis added). Caremark concedes that this provision, by its terms, affords considerable discretion with respect to reopenings. Nevertheless, it argues that 20 C.F.R. § 404.989, as interpreted by Medicare Intermediary Manual

§ 3799, imposes a nondiscretionary duty to reopen this case. The argument is not well taken.

Section 404.989 applies to individual requests for reopening of benefits determinations, *see* 42 C.F.R. § 405.701(a), (c); 20 C.F.R. § 404.900(a), not to provider requests for reopening, *see* 42 C.F.R. § 405.801(c). In any event, neither § 404.989 nor Medicare Intermediary Manual § 3799 establishes a duty to reopen a case. These provisions simply establish procedures for determining when good cause to reopen will be found; they do not mandate reopening upon such a finding. That decision continues to be based upon the exercise of discretion afforded by 42 C.F.R. § 405.841. *See generally Your Home Visiting Nurse Services, Inc. v. Shalala*, 525 U.S. 449, 456–57, 119 S.Ct. 930, 142 L.Ed.2d 919(1999).

■ Second, Caremark has plainly failed to exhaust its administrative remedies by waiting more than six months after Noridian's overpayment determination to seek review. *See* 42 C.F.R. § 405.807(c)(1).[1] Although Caremark asserts that it did exhaust its remedies because the denial of its request to reopen was not appealable, this argument overlooks the fact that Caremark had already forfeited—and therefore not exhausted— various levels of administrative relief by its failure to file a timely request for review. *See generally Abbey v. Sullivan*, 978 F.2d 37, 47 (2d Cir.1992).

In sum, the district court properly declined to exercise mandamus jurisdiction.

---

**1.** Whether Noridian's overpayment decision was an "initial determination" subject to carrier review, 42 C.F.R. § 405.807, or a review decision subject to a carrier hearing, *id.* § 405.821, is of no import to this decision.

To trigger either stage of the appeals process, a written request must be submitted within six months of the challenged decision. *Id.* §§ 405.807(c)(1), 405.821(c).

Accordingly, we hereby AFFIRM the district court's judgment of dismissal.