**Roslyn C. MARINOFF, Plaintiff,**

v.

**DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.**

No. 78 Civ. 3200.

United States District Court,
S. D. New York.

Sept. 20, 1978.

Roslyn C. Marinoff, pro se.

Robert B. Fiske, Jr., U. S. Atty., New York City, Gaines Gwathmey, III, Asst. U. S. Atty., New York City, for defendant.

## ENDORSEMENT

LASKER, District Judge.

In her pro se complaint, Roslyn C. Marinoff seeks to compel an investigation by the Department of Health, Education and Welfare (HEW) into whether a certain chemical substance can serve as a cure for cancer. Although the exact nature of the relief it requests is unclear, the complaint can be interpreted as a request for either mandamus relief under 28 U.S.C. § 1361 or judicial review of an agency action under the Administrative Procedure Act. HEW moves to dismiss the complaint for lack of jurisdiction and failure to state a cause of action. Because neither form of relief requested is appropriate, HEW's motion is granted.

A district court has original jurisdiction to issue a writ of mandamus compelling an agency of the United States "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (1970). This remedy is generally available only where the defendant has failed to perform a specific statutory or regulatory directive. *Leonhard v. Mitchell*, 473 F.2d 709, 713 (2d Cir.), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1002 (1973). Though HEW has a general duty, imposed by 42 U.S.C. § 282(a)(1) (Supp. 1975), to undertake cancer research, the agency has not been specifically directed to investigate the possible cancer-curing properties of particular substances. Congress appears instead to have left to the agency's discretion the choice as to what substances purported to cure cancer warrant extensive research.

A district court may have authority to issue a writ of mandamus even where a defendant's alleged failure to act involved the exercise of discretion. "[O]fficial conduct may have gone so far beyond any rational exercise of discretion as to call for

mandamus even when the action is within the letter of the authority granted." *United States ex rel. Schonbrun v. Commanding Officer*, 403 F.2d 371, 374 (2d Cir. 1968), *cert. denied*, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969). It cannot, however, be said that HEW exercised its discretionary authority in an impermissible fashion by declining to undertake an investigation of the substance in question here. A large number of substances might profitably be investigated by HEW in its cancer research programs, and considerable federal funds would need to be advanced to study any one of them. A court, less well versed than HEW in scientific matters, must generally defer to the agency's judgment as to what substances should be selected for extensive testing.

For considerations similar to those which make issuance of a writ of mandamus inappropriate, judicial review of HEW's decision not to test the substance is unavailable. The Administrative Procedure Act bars judicial review of an agency action "[that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Agency determinations as to whether scientific research into a matter within the agency's area of expertise should be undertaken or funded have previously been found within the permissible scope of agency discretion. In *Grassetti v. Weinberger*, 408 F.Supp. 142 (N.D.Cal.1976), the court found the National Center Institute's refusal to perform a particular test in the course of a cancer research program nonreviewable, noting that "[t]hese are matters for the judgment of medical experts, not courts." *Id.* at 155. See also *Kletschka v. Driver*, 411 F.2d 436, 443 (2d Cir. 1969).

Plaintiff's motion is denied, defendant's motion is granted, and the complaint is dismissed.

It is so ordered.