**Bobby GOLDMAN, Plaintiff–Appellant,**

v.

**GALLANT SECURITIES, INC.; Paine Webber, Inc.; Alvin Gallant and Donald Kanterman, Defendants,**

**Donald Kanterman, Defendant–Appellee.**

**No. 1209, Docket 89–7210.**

United States Court of Appeals, Second Circuit.

Argued June 9, 1989.

Decided June 22, 1989.

Gary Trachten, New York City (Kudman & Trachten, of counsel), for plaintiff-appellant.

Before FEINBERG and KEARSE, Circuit Judges and BARTELS, District Judge.*

PER CURIAM:

Bobby Goldman appeals from a judgment of the United States District Court for the Southern District of New York, dismissing his complaint. The district court found that "plaintiff does not have a claim upon which relief can be granted for violations of the Exchange Act," and dismissed the complaint for lack of federal jurisdiction. For reasons given below, we vacate and remand.

In 1985 and 1986, Gallant Securities, Inc. (Gallant) underwrote and marketed a new issue of stock. Appellee Donald Kanterman solicited appellant to buy this new issue, and appellant purchased 15,000 units in January 1986. After the purchase, Gallant initially booked appellant's units by mistake to another customer's account and then to its own "error" account. Appellant repeatedly attempted to have the error rectified and allegedly was met with evasive answers and deceptive assurances. Appellant claims that between March and September 1986 Gallant was trading his stock for its own benefit through its "error" account.

In December 1987, appellant filed a complaint naming, among others, Gallant and Kanterman as defendants. The complaint, as amended, sought relief for alleged violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and for various violations of state law. Appellant predicated jurisdiction on 15 U.S.C. § 78aa, 28 U.S.C. § 1331, and on the doctrine of pendent jurisdiction.

In April 1988, the district court entered a default judgment against Gallant and Kanterman for failing to appear, answer, or make any other motion with respect to the complaint within the required time period. The district court then referred the case to Magistrate James C. Francis IV for a calculation of damages. In the absence of the defaulting defendants, the magistrate conducted an inquest. In September 1988, Magistrate Francis issued his Report and Recommendation, finding that the court had subject matter jurisdiction pursuant to 15 U.S.C. § 78aa and pendent jurisdiction over appellant's state law claims, and that Gallant and Kanterman should be assessed damages in the sum of $138,750, with interest accruing at nine percent from May 9, 1986.

In November 1988, Kanterman moved the district court pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint against him for lack of subject matter jurisdiction. Kanterman also apparently incorporated by reference in his motion additional papers that had been submitted earlier with an order to show cause why the default judgment against him should not be vacated. In its papers in opposition, appellant recognized the incorporation of these papers and argued "in opposition to all of defendant Kanterman's applications." In January 1989, the district court granted appellee Kanterman's Rule 12(b)(1) motion, finding that appellant "does not have a claim upon which relief can be granted for violations of the Exchange Act." It further stated that "[i]n the absence of a basis for federal jurisdiction," the state claims should also be dismissed. Accordingly, the district court dismissed the complaint.

Appellant argues that the district court erred in dismissing the complaint for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1). He claims that the dismissal in fact was based on a determination that the complaint failed to state a claim and was a premature holding on the merits.

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States. *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946). If the complaint alleges a violation of federal law and the claim is "neither immaterial nor insubstantial, the proper course of action is for the district court to accept jurisdiction and address [an] objection as an attack on the merits." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 239 (4th Cir.1988) (Powell, J., sitting by designation) (citing *Bell v. Hood,* 327 U.S. at 682, 66 S.Ct. at 776).

In the case at hand, appellant unmistakably alleges violations of the federal securities laws in his complaint. Specifically, the complaint seeks relief for violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). That appellant also seeks relief for alleged violations of state law does not make his federal claims immaterial or insubstantial. After an examination of the complaint, we cannot say either that the federal securities claims are made solely for the purpose of obtaining jurisdiction or that the claims are so insubstantial as not to deserve at least a preliminary review on the merits. See *Bell v. Hood,* 327 U.S. at 682–83, 66 S.Ct. at 776. Therefore, the district court erred in holding that it lacked subject matter jurisdiction over appellant's claims.

We believe that the district court may have confused a dismissal for failure to state a claim with a dismissal for lack of subject matter jurisdiction. See *Rivanna Trawlers Unlimited,* 840 F.2d at 239. In concluding that it lacked jurisdiction, the district court repeatedly relied on precedent from this court in which we discussed the requirements for stating a claim under the federal securities laws. See, e.g., *Pross v. Katz,* 784 F.2d 455, 459 (2d Cir.1986); *Chemical Bank v. Arthur Andersen & Co.,* 726 F.2d 930, 943–45 (2d Cir.), cert. denied, 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984). Because of the unresolved default judgment, however, we are unable to treat the district court's mistake as a technicality even though its holding on failure to state a claim may well be correct and, on that theory, its dismissal of the pending state claims within its discretion. See *Rivanna Trawlers Unlimited,* 840 F.2d at 239. Appellant argues that a motion for failure to state a claim must be raised before the imposition of a default judgment is issued or the argument is waived.

Under the circumstances, we think it best to remand this case so that the district court may consider the matter further, and also determine, among other things, whether any of appellee Kanterman's other defenses to the imposition of the default judgment are valid. In the district court, both parties identified and addressed arguments to vacate the default judgment in the papers on the jurisdictional issue. We believe that the district court should treat those arguments as a renewed motion to set aside the default judgment, and, if it so chooses, invite further briefing on those or other issues it regards as relevant. The district court should also consider whether counsel, including the firm that represented Kanterman in the district court proceedings, should be appointed for him in connection with any subsequent proceedings.

Vacated and remanded.