Helena WALSH (as representative of sister Mary Hogan, deceased), Margaret Toscano, Albert Hays, Charles Becker, Virginia Congro, Serafino Giannola, Julia Gold (as representative of Morris Gold, deceased), Michael Granelli, Mary O'Connor, Charles Pascarella (as representative of Margaret Pascarella), James Saccardi, and Richard Janik, Plaintiffs,

v.

John McGEE, William C. Woodson, Louis Sullivan, William Toby, and Empire Blue Cross and Blue Shield, Defendants.

No. 89 Civ. 1310 (DNE).

United States District Court, S.D. New York.

March 4, 1996.

Whitney North Seymour, Jr., Brown & Seymour, New York City, for Helena Walsh, Margaret Toscano, Albert Hays.

Nancy L. Savitt, Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for William Toby, Otis R. Bowen, Louis Sullivan, Empire Blue Cross, William C. Woodson, John McGee, Empire Blue Cross & Blue Shield.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs, Medicare Part B claimants, have moved for reargument of the motions decided by this Court in its October 11, 1995, Opinion & Order in *Walsh v. McGee*, 899 F.Supp. 1232 (S.D.N.Y.1995) ("1995 Opinion"), pursuant to Rule 3(j) of the United States District Courts for the Southern and Eastern Districts of New York Joint Rules for Civil Proceedings ("Local Rule 3(j)"). Defendants, Medicare Part B administrators, oppose this motion. (*Walsh v. McGee*, 89 Civ. 1310, Memorandum of Law in Opposition to Plaintiff's Motion for Reargument and Reconsideration ("Defendants' Memo") (Oct. 26, 1995).) For the reasons discussed below, plaintiffs' motion is denied.

## BACKGROUND

In the action underlying the instant motion to reargue, plaintiffs alleged that defendants mishandled plaintiffs' respective Medicare Part B claims, and, consequently, violated plaintiffs' respective procedural due process rights under the Fifth Amendment to the United States Constitution. *Walsh*, 899 F.Supp. at 1234. Plaintiffs asserted that this Court had jurisdiction over their claims pursuant to the federal question statute, 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the federal mandamus statute, 28 U.S.C. § 1361. *Id.* Defendants responded to plaintiffs' claims by moving to dismiss plaintiffs' case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). *Id.* This Court's 1995 Opinion granted defendants' motion to dismiss because this Court found that it lacked jurisdiction to consider plaintiffs' claims under any of the statutes that plaintiffs cited. *Id.* at 1237–38.

Plaintiffs advance two points in support of the instant motion. First, plaintiffs contend that the instant motion should be granted because plaintiffs claim that this Court overlooked "its own earlier opinion which firmly declared that plaintiffs have stated a claim for violation of procedural due process...." (Plaintiff's Memorandum in Support of Motion for Reargument and Reconsideration (Plaintiff's Memo") 2 (Oct. 19, 1995).) Plaintiffs explain that when plaintiffs first filed this case, the Government moved to dismiss the case for failure to state a claim on which relief may be granted, pursuant to Rule 12(b)(6). *Id.; see* October 30, 1991, Order, *Walsh v. McGee*, 89 Civ. 1310 ("1991 Order"). In response to this motion, this Court found that plaintiffs' allegations were "sufficient to state a violation of procedural due process, which is a claim upon which this Court may grant relief," and this Court denied defendants' motion to dismiss. *Id.*

According to plaintiffs' interpretation of the above-quoted language, this Court's 1991 Order acknowledged that "this Court plainly has jurisdiction over Constitutional claims arising under Part B of the Medicare Act." (Plaintiffs' Memo at 2.) Plaintiffs continue that "[i]t is therefore *the law of the case* that plaintiffs *have* stated a claim for relief based on a substantial claim for violation of procedural due process," which is "undeniably sufficient to confer federal jurisdiction over plaintiffs' claims...." *Id.* at 4 (emphasis in original). They conclude that this Court's 1995 Opinion "totally overlooks and neglects" this Court's 1991 Order, and that this oversight merits reargument pursuant to Local Rule 3(j). *Id.* at 3–4.

Second, plaintiffs assert that this Court's 1995 Opinion unfairly criticized plaintiff's counsel. *Id.* at 2, 5. Plaintiffs highlight a portion of the 1995 Opinion in which this Court noted that plaintiffs' counsel failed to cite relevant case law in support of his argument that this Court had federal question jurisdiction over plaintiffs' claims, and he failed to distinguish the case law that defendants cited in support of defendants' motion to dismiss for lack of subject matter jurisdiction. *Id.* at 5–6. In response to this Court's criticism, plaintiffs' counsel proffers two explanations: (1) he "relied on the Court's earlier decision which made clear that [none of the case law upon which the Court relied in its 1995 Opinion] was relevant," *id.* at 5; and (2) he cited one case twice—once in a footnote in plaintiffs' Reply Brief, "in connection with the issue of mandamus, in response to defendant's reliance on that decision," *id.* at 5–6, and once in plaintiffs' 1989 memorandum in opposition to defendants' motion to dismiss pursuant to Rule 12(b)(6). *Id.* at 5–6. Plaintiffs conclude that this Court overlooked plaintiffs' aforementioned citations, that this Court's "personal criticism of plaintiffs' counsel is patently unfair," and that this Court therefore should grant plaintiffs' motion to reargue. *Id.* at 5–6.

In response to plaintiffs' claims, defendants advance three counterarguments. First, defendants characterize plaintiffs' claim that this Court "overlooked" its previous order as "mistaken," because "there is no inconsistency between the Court's two orders." (Defendants' Memo at 2.) Defendants inform the Court that at the time defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6),

defendants neither raised a jurisdictional challenge to plaintiffs' complaint, *id.* at 6, nor moved to dismiss plaintiffs' complaint for lack of jurisdiction. *Id.* at 2. Defendants continue, however, that when the parties subsequently cross-moved for summary judgment, defendants did raise the defense of lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). *Id.* at 3. Defendants thus argue that this Court's 1991 Order and 1995 Opinion are not inconsistent because they addressed different elements of plaintiffs' complaint at different stages of this Court's proceedings. *Id.* at 2, 4, 6.

Second, defendants maintain that even if there is an inconsistency between the Court's two orders, plaintiffs' law of the case argument is flawed for two reasons. Defendants assert that the law of the case doctrine is inapplicable to questions of subject matter jurisdiction. *Id.* at 5. They maintain that this Court had an obligation to dismiss plaintiffs' case whenever this Court became aware that it lacked subject matter jurisdiction, regardless of any prior ruling. *Id.* at 5–6. Consequently, defendants conclude that even if the 1991 Order and the 1995 Opinion were inconsistent, "the Court did not abuse its discretion in holding that it lacked jurisdiction ..." in its 1991 Opinion. *Id.* at 5.

In addition, defendants contend that the law of the case doctrine is applicable only to issues previously placed before the court. According to defendants, plaintiffs did not raise the argument that the law of the case doctrine foreclosed defendants' jurisdictional challenge in the papers plaintiffs' submitted on the underlying cross-motions for summary judgment. *Id.* at 3. Consequently, defendants argue that plaintiffs are not entitled to raise their law of the case claim for the first time in their Local Rule 3(j) motion. *Id.* at 3–4.

Finally, defendants briefly address plaintiffs' objection regarding this Court's criticism of plaintiffs' counsel. According to defendants, "[t]his question has no impact on the merits of this motion," because plaintiffs have failed to explain why the relevant Medicare Part B case law does not foreclose their challenge. *Id.* at 6 n. 1.

## DISCUSSION

Plaintiff's predicate their motion to reargue the issues decided by this Court in its 1995 Opinion on Local Rule 3(j). Local Rule 3(j) states in relevant part that "there shall be served with the notice of motion [for reargument] a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

In order to succeed on a motion to reargue under Local Rule 3(j), the moving party must demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *In re Houbigant, Inc.*, 914 F.Supp. 997, 1000 (S.D.N.Y.1996); *Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y.1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993), *aff'd*, 35 F.3d 49 (2d Cir.1994); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992). As such, a Local Rule 3(j) motion "may not advance new facts, issues, or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 CIV 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989). Local Rule 3(j) "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *Ameritrust*, 151 F.R.D. at 238; *see Houbigant*, 914 F.Supp. at 1000; *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). As Judge Sweet recently noted, "[a] Rule 3(j) motion is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Houbigant*, 914 F.Supp. at 1001.

After examining the claims that plaintiffs advance in support of their motion for reargument, this Court finds that neither claim fits the narrow categories of claims eligible for reargument as set forth above.

## I. Plaintiffs' Law of the Case Claim is Meritless

Plaintiffs' assert that this Court's 1991 Order constitutes the law of the case, that this

Court's 1995 Opinion "overlooks and neglects" the law of the case as contained in the 1991 Order, and that this oversight merits reargument pursuant to Local Rule 3(j). (Plaintiffs' Memo at 2–4.) Before addressing the merits of this claim, a brief discussion of the law of the case doctrine is helpful.

The law of the case doctrine has "developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 788 (1981); *see Weitzman v. Stein,* 908 F.Supp. 187, 193 (S.D.N.Y.1995). Although a common label is used, the law of the case doctrine encompasses several different sets of rules. 18 Wright, Miller & Cooper, § 4478, at 788. The set of rules that plaintiffs invoke in the instant motion are those governing a court's ability to follow its own prior rulings.

This Court recently noted that "[t]he most distinctive law of the case rules are those that justify refusal by a trial court to reconsider matters once resolved in a continuing proceeding." *Weitzman,* 908 F.Supp. at 193 (citation omitted). It is important to note that law of the case rules "come[ ] into play only with respect to issues previously determined," *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979), and that "questions that have not been decided do not become law of the case merely because they could have been decided." 18 Wright, Miller & Cooper, § 4478, at 789. In general, law of the case rules discourage the reconsideration of matters previously decided "absent 'cogent' or 'compelling' reasons." *Baden v. Koch,* 799 F.2d 825, 828 (2d Cir.1986); *Conrad v. Beck–Turek, Ltd.,* 891 F.Supp. 962, 967 (S.D.N.Y. 1995). They do not, however, limit a court's ability to reconsider an issue if it deems such reconsideration appropriate. *In re PCH Assocs.,* 949 F.2d 585, 592 (2d Cir.1991); *Weitzman,* 908 F.Supp. at 193. Rather, as Justice Holmes explained, the doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided...." *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). Based

on these legal principles, plaintiff's law of the case claim fails for three reasons. First, the premise of plaintiffs' law of the case claim is meritless because this Court's 1991 Order is not inconsistent with this Court's 1995 Opinion. The 1991 Order denied defendants' motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), because this Court held that plaintiffs' allegations were "sufficient to state a violation of procedural due process, which is a claim upon which this Court may grant relief." 1991 Order. The 1995 Opinion, on the other hand, granted defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). *Walsh,* 899 F.Supp. at 1239–40. Commentators caution that motions made pursuant to Rule 12(b)(1) should not be confused with those made pursuant to Rule 12(b)(6). 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1350, at 196 (2d ed. 1990). Because the instant motion has confused these two rules, this Court will review the basic principles governing each Rule.

Rule 12(b)(1) concerns a federal court's "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction," they have power to adjudicate "only those cases within the bounds of Article III and the United States Constitution and Congressional enactments stemming therefrom." *Walsh,* 899 F.Supp. at 1236; *see Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 173–80, 2 L.Ed. 60 (1803). The question of subject matter jurisdiction is so fundamental that it is a "question the court is bound to ask and answer for itself, even when not otherwise suggested...." *Mansfield, Coldwater & Lake Michigan Rwy. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1883). Thus, there is no restriction on who may make a motion pursuant to Rule 12(b)(1), or when such motion may be made. In fact, Rule 12(h)(3) specifically provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The burden of proving that a federal court has subject matter jurisdiction over a given action rests with

the party attempting to invoke the court's jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *see generally,* 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522, at 60–64 (2d ed. 1984).

In contrast, Rule 12(b)(6) is designed "to test the formal sufficiency of the statement of the claim for relief." 5A Wright & Miller, § 1356, at 294. In evaluating a Rule 12(b)(6) motion, "the court must accept the material facts alleged in the complaint as true," *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994), and must not dismiss the action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Furthermore, "[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." 5A Wright & Miller, § 1357, at 321. A party wishing to raise a Rule 12(b)(6) defense of failure to state a claim must do so before the service of a responsive pleading or the defense is waived. Fed.R.Civ.P. 12(h)(2).

The foregoing discussion confirms that Rules 12(b)(1) and 12(b)(6) address different aspects of a party's claim, are evaluated under different standards by the courts, and are subject to different rules concerning timing and waiver. Plaintiffs' claim that this Court's 1991 Order regarding a Rule 12(b)(6) motion should control this Court's later resolution of a 12(b)(1) motion ignores these differences. It further ignores the large body of uniform federal case law recognizing that these two Rules are separate and distinct. *See, e.g., City of Kenosha v. Bruno,* 412 U.S. 507, 512–15, 93 S.Ct. 2222, 2226–28, 37 L.Ed.2d 109 (1972); *Wheeldin v. Wheeler,* 373 U.S. 647, 649, 83 S.Ct. 1441, 1444, 10 L.Ed.2d 605 (1963); *Baker v. Carr,* 369 U.S. 186, 198–204, 82 S.Ct. 691, 699–703, 7 L.Ed.2d 663 (1962); *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir.1990); *Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 350–51 (5th Cir.1989); *Lunderstadt v. Colafella,* 885 F.2d 66, 69–70 (3d Cir.1989); *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir.1986);

*Bridges v. Eastman Kodak Co.,* 822 F.Supp. 1020, 1024–25 & n. 7 (S.D.N.Y.1993); *Curiale v. Reissman,* 798 F.Supp. 141, 144 (S.D.N.Y. 1992). Accordingly, this Court finds that the premise of plaintiffs' law of the case claim is meritless.

Second, plaintiffs' law of the case argument is flawed because plaintiffs have misapplied the legal principles of the law of the case doctrine. As previously mentioned, this Court's 1991 Order and its 1995 Opinion neither addressed nor decided the same issues. Because "[t]he law of the case comes into play only with respect to issues previously determined," *Quern,* 440 U.S. at 347 n. 18, 99 S.Ct. at 1148 n. 18, and because this Court never determined the issue of subject matter jurisdiction in its 1991 Order, this Court finds that the 1991 Order cannot be the basis for a law of the case argument concerning jurisdiction.

Plaintiffs' law of the case claim also fails because questions of subject matter jurisdiction are generally exempt from law of the case principles. 18 Wright, Miller & Cooper, § 4478, at 799 & n. 32. It is elementary that a federal court cannot create jurisdiction where none exists. 5A Wright & Miller § 1350, at 204–05. Thus, a federal court cannot assert jurisdiction over a claim that is outside the scope of the court's jurisdiction merely by relying on the court's own prior decision that jurisdiction over such claim was proper. On the contrary, as Justice Scalia has explained, "it is a Court's *obligation* to dismiss a case *whenever* it becomes convinced that it has no proper jurisdiction, no matter how late that wisdom may arrive." *Wyoming v. Oklahoma,* 502 U.S. 437, 462, 112 S.Ct. 789, 804, 117 L.Ed.2d 1 (1991) (Scalia, J., dissenting) (emphasis in original); *see also Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 1205, 47 L.Ed.2d 435 (1979); *Dieffenbach v. Attorney General,* 604 F.2d 187, 199 (2d Cir.1979); *Simmons v. Rosenberg,* 572 F.Supp. 823, 824 (E.D.N.Y.1983). Thus, even if this Court's 1991 Order had found that this Court had subject matter jurisdiction over plaintiffs' claims—and the 1991 Order made no such finding—this Court finds that this Court would have been obligated to dismiss plain-

tiffs' claims as soon as it discovered that it lacked jurisdiction, namely, in its 1995 Opinion.

■ Finally, plaintiffs' law of the case claim is also meritless because plaintiffs have violated Local Rule 3(j). A party moving for reargument pursuant to Local Rule 3(j) "may not advance new facts, issues or arguments not previously presented to the court," *Litton Indus.*, 1989 WL 162315, at *3, because Local Rule 3(j) is applicable only to "matters that were put before the court on the underlying motion." *Houbigant*, 914 F.Supp. at 1001. After reexamining both memoranda that plaintiffs submitted on the underlying motion, this Court finds that plaintiffs never raised a law of the case argument to this Court prior to plaintiffs' submission of their Local Rule 3(j) motion and memorandum. *See* (Plaintiffs' Memorandum of Law in Reply and Opposition to Defendants' Cross–Motion for Dismissal and Summary Judgment 1–5 (Jan. 15, 1993).) Because plaintiffs did not assert a law of the case argument in plaintiffs' underlying motion for summary judgment, this Court holds that plaintiffs have violated Local Rule 3(j), and rejects their law of the case claim accordingly.

## II. *Plaintiffs Are Mistaken that this Court's 1995 Opinion Unfairly Criticized Plaintiffs' Counsel*

Plaintiffs' second claim in support of their Local Rule 3(j) motion is equally unavailing. To reiterate, this Court's 1995 Opinion criticized plaintiffs' counsel for failing to cite relevant case law in support of his argument that this Court had federal question jurisdiction over plaintiff's claims, and for failing to distinguish the case law upon which defendants' relied in support of defendants' motion to dismiss for lack of subject matter jurisdiction. *Walsh*, 899 F.Supp. at 1239, 1240. Plaintiffs respond to this criticism in the instant motion by claiming that this Court's 1995 Opinion unfairly criticized plaintiff's counsel for two reasons. This Court finds that neither of these reasons refutes the criticism levelled at plaintiffs' counsel in the 1995 Opinion.

First, plaintiffs contend that plaintiffs' counsel did not cite relevant case law to this Court because plaintiffs' counsel "relied on the Court's *earlier decision* which made clear that [none of the case law upon which the Court relied in its 1995 Opinion] was relevant." (Plaintiffs' memo at 5.) As stated above, the 1991 Order resolved defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, which was an issue entirely separate from and unrelated to the issue of subject matter jurisdiction. *E.g.*, 5A Wright & Miller, § 1350, at 196. Moreover, nowhere in this Court's one-page 1991 Order did this Court mention the issue of subject matter jurisdiction. Consequently, this Court finds that plaintiffs' contention is devoid of merit.

Second, plaintiffs claim that plaintiffs' counsel actually did cite relevant case law to this Court. The 1995 Opinion criticized plaintiffs' counsel twice. First, at the end of the discussion concerning federal question jurisdiction over challenges to Medicare Part B claims, the 1995 Opinion states:

Careful review of plaintiffs' papers reveals that plaintiffs failed to cite any relevant Medicare case law in opposition to defendants' motion to dismiss for lack of subject matter jurisdiction. Similarly, plaintiffs cited no authority that contradicts or limits *Kuritzky*'s rule that federal courts lack subject matter jurisdiction over challenges to the application or interpretation of Part B regulations. Remarkably, plaintiffs made no attempt to distinguish *Kuritzky* and the other relevant Second Circuit case law in their Reply memo, despite defendants' reliance on this case to support defendants' jurisdictional argument.

*Walsh*, 899 F.Supp. at 1237. Second, the conclusion of the 1995 Opinion states:

The result in this case should come as no surprise to plaintiffs' counsel. Plaintiffs' counsel previously served as counsel in a very similar Medicare Part B challenge that the Second Circuit dismissed for lack of subject matter jurisdiction on the same grounds as those controlling in this case. *Anderson v. Bowen*, 881 F.2d 1 (2d Cir. 1989), *aff'g*, No. 87–4048, slip. op. (S.D.N.Y. Nov. 17, 1988). Remarkably, counsel neglected to cite *Anderson* or any of the

other relevant case law previously mentioned. Counsel further failed to respond to defendant's reliance on these cases in support of defendants' 12(b)(1) motion. In light of counsel's familiarity with this area of Medicare law, and his personal knowledge of *Anderson,* this Court is puzzled by counsel's failure to cite these cases.

*Id.* at 1240.

In response, plaintiffs assert that:

"the Court overlooks that plaintiff's counsel *twice* cited the *Anderson* case. First, plaintiffs specifically cited the Anderson case at p. 16 of its 1993 Reply Brief, in support of its Third Claim for Relief.

In addition, plaintiffs cited *Anderson* at p. 24, n. 13 of the Memorandum in Opposition dated October 30, 1989, to *defendants' prior motion to dismiss.*"

(Plaintiffs' Memo at 5–6 (emphasis in original).)

Plaintiffs' claim neither changes the fact that counsel's performance in the underlying motion was lacking, nor supports plaintiffs' Local Rule 3(j) claim. The quoted portions of this Court's 1995 Opinion criticize plaintiff's counsel for failing to cite two specific cases—*Kuritzky* and *Anderson*—as well as "other relevant case law." *Walsh,* 899 F.Supp. at 1239, 1240. Thus, plaintiffs' claim that counsel cited *Anderson* ignores much of the criticism that the 1995 Opinion levelled at plaintiffs' counsel. Moreover, plaintiffs misunderstand the 1995 Opinion's criticism of plaintiffs' counsel. The 1995 Opinion expressed deep concern that plaintiffs' counsel failed to cite controlling case law regarding the question of federal question jurisdiction over Medicare Part B claims in the papers plaintiffs' counsel submitted to this Court on the underlying cross-motions for summary judgment. The mere fact that *Anderson* appears in one footnote supporting plaintiffs' third alternative claim for relief does not excuse counsel for his failure to inform this Court that *Anderson* demonstrates that counsel's argument regarding federal question jurisdiction was meritless. *Anderson* is a controlling case on the issue of federal question jurisdiction over Medicare Part B claims, and counsel should not have ignored

this case in the section of his papers dealing with federal question jurisdiction.

Moreover, plaintiffs demonstrate a profound misunderstanding of this Court's 1995 Opinion when they note that counsel had cited *Anderson* in a brief submitted to this Court on an entirely different motion several years before the instant motion was submitted to this Court. The 1995 Opinion criticizes counsel for failing to cite relevant case law in the papers he submitted regarding the cross-motions for summary judgment. *Walsh,* 899 F.Supp. at 1237, 1240. Thus, the 1995 Opinion only addresses the issue of whether counsel's submissions regarding the cross-motions were adequate. The 1995 Opinion correctly concludes that counsel's papers on the underlying cross-motions for summary judgment were inadequate, and it is irrelevant that counsel cited *Anderson* in a different brief, regarding a different issue, which was submitted to this Court at a different stage of the litigation.

■ Finally, plaintiffs' claim that this Court's 1995 Opinion unfairly criticized plaintiffs' counsel violates Local Rule 3(j) for two different reasons. First, as discussed above, a party moving for reargument pursuant to Local Rule 3(j) "may not advance new facts, issues or arguments not previously presented to the court," *Litton Indus.,* 1989 WL 162315, at *3, because Local Rule 3(j) is applicable only to "matters that were put before the court on the underlying motion." *Houbigant,* 914 F.Supp. at 1001. Plaintiffs' claim that they deserve reargument because this Court's 1995 Opinion unfairly criticized plaintiffs' counsel is not a claim that plaintiffs presented to this Court on the underlying motion. Rather, it is a claim inspired by the 1995 Opinion and, as such, is a new argument to which Local Rule 3(j) is inapplicable.

Second, to succeed on a motion to reargue pursuant to Local Rule 3(j), the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. *Houbigant,* 914 F.Supp. at 1001. Plaintiff's counsel, however, neither claims nor demonstrates that this Court overlooked controlling case law in its 1995 Opinion. On

the contrary, plaintiffs assert only that this Court overlooked plaintiffs' counsel's single citation to a case upon which this Court relied throughout its 1995 Opinion. Plaintiffs' make no attempt to explain why the relevant Medicare Part B case law upon which the Court relied in its 1995 Opinion is not fatal to plaintiffs' underlying summary judgment claim. Accordingly, this Court denies plaintiffs' Local Rule 3(j) motion.

### *CONCLUSION*

Plaintiffs' Local Rule 3(j) motion is DENIED.

SO ORDERED.